IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WALTER ECKLES, ) | |
| ) | CASE NO. _____ |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LIFE SAFETY SERVICES, LLC and ) | |
| HUGHES ENVIRONMENTAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

Defendants, Life Safety Services, LLC ("LSS") and Hughes Environmental, Inc. ("Hughes") (collectively, "Defendants"), give notice of the removal of this civil action from Shelby County Circuit Court, Thirtieth Judicial District, Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1441 *et seq.* The grounds for removal are as follows:

1. On June 4, 2012, the Plaintiff Walter Eckles filed a civil action captioned <u>Walter Eckles v. Life Safety Services, LLC and Hughes Environmental, Inc.</u>, Civil Action No. 002434-12 (the "State Court Action") in the Shelby County Circuit Court, Thirtieth Judicial District, Shelby County, Tennessee. The Complaint asserted claims of wrongful/retaliatory discharge pursuant to TCA §§ 50-1-304, *et seq.* and 50-1-801, and of retaliation pursuant to TCA § 4-21-301 and the common law. *See* Ex. A, ¶¶ 15, 23.

2. Copies of the Complaint and Civil Summons were served on the Defendants' registered agent on June 14, 2012, and constitute all papers served upon the Defendants in the State Court Action. Copies of the Complaint and Civil Summons are attached hereto as Exhibit

A. The Complaint was the initial pleading setting forth the claims for relief upon which the State Court Action is based.

3. As reflected on the face of the Complaint, and upon information and belief, the only Plaintiff in this action, Eckles, was and is a citizen of the State of Tennessee. Ex. A, ¶ 1.

4. LSS is and at all relevant times has been a limited liability company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in the Commonwealth of Kentucky. LSS's sole member is Craig Rutledge, an individual residing in the Commonwealth of Kentucky.

5. Hughes is and at all relevant times has been a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in the Commonwealth of Kentucky.

6. Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, which is the threshold amount in controversy for purposes of diversity jurisdiction. Eckles is requesting relief that includes compensatory damages for past lost wages and benefits dating back to June 10, 2011, and avers that his annual salary was approximately $65,000. *See* Ex. A. ¶¶ 7, 14, 28-29. Eckles also is requesting future lost wages and benefits, compensatory damages for emotional distress, and other damages available under the law. *See* Ex. A, ¶¶ 14, 28-30.

7. Accordingly, this Court would have original diversity jurisdiction of this matter, pursuant to 28 U.S.C. § 1332(a)(1), had this civil action been instituted in this forum. Thus, removal is appropriate under 28 U.S.C. §1441, *et seq.*

8. The Complaint was served on the Defendants on June 14, 2012. Pursuant to 28 U.S.C. §1446, this Notice of Removal is being timely filed within thirty (30) days of the service

of the Complaint upon the Defendants, which is the first pleading from which the Defendants could ascertain that the case was removable.

9. Upon the filing of this Notice of Removal, the Defendants shall give written notice thereof to Eckles and shall file this Notice of Removal with the Clerk of Court for the Shelby County Circuit Court, Thirtieth Judicial District, Shelby County, Tennessee, as required by 28 U.S.C. §1446(d).

10. This Notice of Removal has been verified by Philip C. Eschels, counsel for the Defendants, pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

The Defendants respectfully notify this Court that the State Court Action pending against them in the Shelby County Circuit Court has been removed to this Court in accordance with the foregoing statutory provisions.

Respectfully submitted,

/s/ *Philip C. Eschels*
Philip C. Eschels
William J. Kishman
Bingham Greenebaum Doll LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Phone: (502) 587-3665
Fax: (502) 540-2219
E-mail: peschels@bgdlegal.com
E-mail: wkishman@bgdlegal.com

COUNSEL FOR DEFENDANTS,
LIFE SAFETY SERVICES, LLC and
HUGHES ENVIRONMENTAL, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that on July 11, 2012 I electronically filed the foregoing Notice of Removal with the clerk of the court by using the CM/ECF System. I further certify that a true and correct copy of the foregoing was served, via first class U.S. Mail, postage pre-paid, on July 11, 2012 upon the following:

  Anthony C. Pietrangelo
  Megan L. Black
  6410 Poplar Avenue, Suite 190
  Memphis, Tennessee 38119

  COUNSEL FOR PLAINTIFF

               /s/ *Philip C. Eschels*
               COUNSEL FOR DEFENDANTS,
               LIFE SAFETY SERVICES, LLC and
               HUGHES ENVIRONMENTAL, INC.

4799458_1.doc