**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-002434-12

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Walter Eckles | VS | Life Safety Services, LLC and Hughes Environmental, Inc. |

**TO: (Name and Address of Defendant (One defendant per summons))**

Hughes Environmental, Inc.
Attn: Craig Rutledge, Registered Agent
4720 Pinewood Road
Louisville, Kentucky 40218

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☑ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Megan Black, Esq. Plaintiff's attorney, whose address is 6410 Poplar Avenue, Suite 190 Memphis TN 38119, telephone +1 (901) 685-2662 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk

TESTED AND ISSUED June 4, 2012   By _____ D.C.

**TO THE DEFENDANT:**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____

JIMMY MOORE , Clerk

By: _____ D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                                              By: _____
                                                                                              Sheriff or other authorized person to serve process

---

Docket No: CT-002434-12

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

Walter Eckles
Plaintiff

VS

Life Safety Services, LLC, et al
Defendant

Megan Black
Attorney for Plaintiff/Pro Se
9016852662
Telephone Number

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
JUN 04 2012
CIRCUIT COURT CLERK
BY_____ D.C.

WALTER ECKLES,

    Plaintiff,

VS.

LIFE SAFETY SERVICES, LLC, and
HUGHES ENVIRONMENTAL, INC.

    Defendants.

NO. CT- 002434-12
JURY DEMANDED

Div. II

## COMPLAINT FOR DAMAGES FOR RETALIATORY DISCHARGE, WRONGFUL TERMINATION, AND RETALIATION

COMES NOW Plaintiff Walter Eckles (hereinafter "Eckles" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Life Safety Services, LLC, and Hughes Environmental, Inc. (collectively "Defendants"), under Tennessee statutory and common law, for damages for retaliation, retaliatory discharge, and wrongful termination, and as grounds for the causes of action herein, respectfully shows and states:

### PARTIES

1. The Plaintiff, Walter Eckles, is a resident citizen of Shelby County, Tennessee, residing at 402 Old Collierville-Arlington Road, Collierville, Tennessee 38017.

2. Life Safety Services, LLC, is a Kentucky limited liability company, which conducts business in Tennessee, and is located at 4720 Pinewood Road,

Louisville, Kentucky 40218 and may be served with service of process by serving Craig Rutledge at the same address.

3. Hughes Environmental, Inc., is, upon information and belief, a Kentucky corporation, doing business in Tennessee, located at 4720 Pinewood Road, Louisville, Kentucky 40218 and may be served with service of process by serving the registered agent, Craig Rutledge at the same address.

4. At all times relevant hereto, Life Safety Services, LLC, and Hughes Environmental, Inc. (collectively "Defendants") each was liable for its own conduct, as well as the acts and omissions of its servants, employees, agents, and contractors, including each other defendant, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employees relations, master/servant relations, loaned servant relations, joint venture, joint and several liability, *respondeat superior*, vicarious liability, alter ego, partnership, failure to observe the corporate form, *de facto* merger and contract.

5. At all times relevant hereto, each Defendant was an employee, agent, or servant of each other and was acting both in its own capacity as well as in its capacity as an employee and/or agent of each other.

6. Jurisdiction and venue are proper in this Court as the acts, events, and damages which gave rise to the Plaintiff's causes of action occurred in Shelby County, Tennessee.

## FACTS

7. In early April 2011, Plaintiff was hired as a Passive Fire Protection Specialist by Defendants with an annual salary of approximately $65,000.

8. Plaintiff has over twenty years of experience as a door and hardware professional and consultant.

9. Plaintiff signed an employment agreement with Defendants and began working for Defendants on April 11, 2011, where he performed his duties well and received only positive feedback.

10. Plaintiff was employed by Defendants to work primarily in and around Shelby County, Tennessee, and received his assignments from his home in Collierville. However, on occasion, he was required to travel to perform his job.

11. On May 28, 2011, upon returning from a work assignment, Plaintiff was injured at an airport in Virginia while lifting and moving his tool bag and luggage.

12. Plaintiff injured his left arm and shoulder, sustained a torn rotator cuff, and was forced to undergo shoulder surgery.

13. On or about May 31, 2011, Plaintiff gave notice to his employer of his work-related injury and that he required medical attention, thereby making a claim for workers compensation coverage.

14. On June 10, 2011, Defendant terminated Plaintiff in retaliation for filing a workers compensation claim.

## COUNT ONE – WRONGFUL/RETALIATORY DISCHARGE

15. Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained above.

16. Defendants fired Plaintiff in violation of Tennessee public policy under Tennessee common law, Tennessee Code Annotated § 50-1-304 *et. seq.*, and Tennessee Code Annotated § 50-1-801.

17. Plaintiff was hired by Defendant as a Passive Fire Protection Specialist to perform assigned tasks and train less-experienced employees.

18. Plaintiff never received critical or negative feedback prior to his on-the-job injury.

19. Less than two weeks after making a claim for workers compensation coverage and benefits, Defendants fired Plaintiff.

20. Plaintiff exercised his rights under the workers compensation law.

21. Defendant fired Plaintiff in retaliation for exercising his rights under the workers compensation law.

## COUNT TWO - RETALIATION

22. Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations which are contained above.

23. Defendants fired Plaintiff in violation of both common law and Tenn. Code Ann. § 4-21-301.

24. Plaintiff was hired by Defendant as a Passive Fire Protection Specialist to perform assigned tasks and train less-experienced employees.

25. Plaintiff never received critical or negative feedback prior to his on-the-job injury.

26. Less than two weeks after engaging in a protected activity by filing a claim for workers compensation coverage, Defendant terminated Plaintiff.

27. Defendant was aware that Plaintiff made a claim for workers compensation coverage and fired Plaintiff thereafter for that reason.

28. As a direct and proximate result of Defendant's actions, Plaintiff has suffered from a loss of income and benefits.

29. As a result of Defendant's actions, Plaintiff has lost health insurance coverage.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

1. Award Plaintiff damages against Defendants in an amount to be proven at trial;

2. Award pre-judgment interest and the costs of this cause.

3. Award Plaintiff any other such relief, specific and general, which the Court deems just and equitable.

4. Hold a jury trial in this cause.

Respectfully Submitted,

*Megan Black by perm. Rich G.*

PIETRANGELO COOK PLC
Anthony C. Pietrangelo (#15596)
Megan L. Black (#029058)
6410 Poplar Avenue, Suite 190
Memphis, Tennessee 38119
901-685-2662